**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES RANKIN,** | : | |
| | : | |
| **Plaintiff** | : | |
| | : | **CIVIL NO. 3:CV-11-2352** |
| **v.** | : | |
| | : | **(Judge Caputo)** |
| **WARDEN B. A. BLEDSOE,** *et al.*, | : | |
| | : | |
| **Defendants** | : | |

**M E M O R A N D U M**

**I.    Introduction**

On December 20, 2011, the *pro se* Plaintiff, Mr. James Rankin, filed this

*Bivens*[1] action, pursuant 28 U.S.C. § 1331 and the Federal Tort Claims Act (FTCA),

28 U.S.C. § 2671 *et seq*.  The events set forth in the Complaint took place on May

17, 2010, while Mr. Rankin was housed at USP-Lewisburg, in Lewisburg,

Pennsylvania.  Mr. Rankin is currently housed at USP-Victorville, in Adelanto,

California.

Mr. Rankin has filed a motion to proceed *in forma pauperis* and a motion for

appointment of counsel.  Docs. 3 and 8.  The Complaint is presently before the

Court for preliminary screening pursuant to 28 U.S.C. § 1915.  Mr. Rankin's request

to proceed *in forma pauperis* will be granted, his motion for counsel denied without

prejudice, and his present Complaint dismissed pursuant to 28 U.S.C. § 1915.  Mr.

_____

[1] In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,
403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971),* the Supreme Court recognized
a private cause of action to recover damages against a federal agent for violations
of constitutional rights.

Rankin will be afforded an opportunity to file an amended complaint to correct the identified deficiencies if he wishes to do so.

## II.    Standard of Review

A complaint filed *in forma pauperis* may be dismissed if it is determined that the action is frivolous, malicious, fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6).  The court must accept as true the factual allegations in the complaint and construe any inferences to be drawn from the allegations in the plaintiff's favor.  *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).  Detailed factual allegations are not required, *id.* at 231 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)), but the complaint has to plead "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570, 127 S.Ct. at 1974, and factual allegations "that are 'merely consistent with' a defendant's liability" are not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "[M]ore than labels and conclusions" are required.  *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1964-65.  When appropriate, the court may also consider public records, such as court filings.  *See Churchill v. Star Enterprises*, 183 F.3d 184, 190 n.5 (3d Cir. 1999)

Pro se pleadings are held to a less stringent standard than formal pleadings drafted by attorneys.  *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007).  Pro se litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend," unless such an amendment would be inequitable or futile.  *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).  However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend.  *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

### III.    Background

The allegations of the Complaint, in their entirety, are as follows:

> was stabbed by 2 inmates (armed) Jason Glass 13007-081 Reid 41447-048 45 times, right lung collapsed hospitalized for four days mental and emotional injury anxiety bipolar diagnosed and post tra[umatic] stress

Doc. 1, Complaint at ECF p. 2.[2]  From documents attached to the Complaint, Mr. Rankin alleges that his administrative tort claim regarding the assault was denied. *Id*. at p. 5.  Named as defendants are B.A. Bledsoe, Warden of USP-Lewisburg, in Lewisburg, Pennsylvania, were the May 17, 2010, event took place; David Young, Associate Warden; and JL Norwood, Northeast Regional Director of the Bureau of Prisons (BOP).  *Id*. at p. 2.

---

[2]  Unless otherwise noted, all citations to the record reflect the docket number and page number assigned by the Electronic Case Filing system (ECF) rather than the page number of the original document.

**IV.     Discussion**

      A.     *Lack of Personal Involvement of defendants Bledsoe,*
            *Norwood and Young.*

To state a viable § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Nasale v. Camden County Corr. Facility*, 318 F.3d 575, 580-81 (3d Cir. 2003). Personal involvement in the alleged wrongdoing is necessary for the imposition of liability in a civil rights action. *Evince v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *Sutton v. Raced*, 323 F.3d 236, 249-50 (3d Cir. 2003). A supervisory defendant may be liable if he directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir. 1988). A civil rights complaint is adequate if it states the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evince*, 423 F.3d at 353. A *Bivens* claim cannot be premised upon a theory of *respondeat superior*. *Iqbal*, 556 U.S. at 675, 129 S.Ct. at 1948-49.

Based upon the above legal standards, claims against Warden Bledsoe, JL Norwood, and David Young are subject to dismissal as Mr. Rankin makes no allegations against any of them. Accordingly Mr. Rankin's § 1331 claims against the named defendants will be dismissed as he fails to state a claim for relief upon which relief may be granted.

-4-

B.    *Bledsoe, Norwood and Young are not proper defendants
      to Rankin's FTCA claim.*

The only proper defendant on claims brought under the FTCA is, in fact, the

United States, not a federal agency sued in its own name or individual federal

employees sued in their official capacities.  *See* 28 U.S.C. § 1346(b)(1); *CNA v.

United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008)("The Government is the only

proper defendant in a case brought under the FTCA.")  As such, to the extent Mr.

Rankin is attempting to assert a FTCA claim against Warden Bledsoe, JL Norwood,

and David Young, he cannot do so as they are not proper parties to a FTCA claim.


C.    *Motion for Appointment of Counsel.*

On January 17, 2012, Mr. Rankin filed a Motion for Appointment of Counsel

based on his indigent status and enrollment in a special management program

which limits his access to the institution's law library and legal materials.  *See* Doc.

8, Mot. for Counsel.  The Court will deny the motion without prejudice.

Although prisoners have no constitutional or statutory right to appointment of

counsel in a civil case, the Court does have broad discretionary power to request

counsel to represent indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1).

*Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993).  The Third Circuit Court of Appeals

set forth a two-step process for determining whether counsel should be appointed.

First, as a threshold matter, the district court "must assess whether the claimant's

case has some arguable merit in law and fact."  *Montgomery v. Pinchak*, 294 F.3d

492, 499 (3d Cir. 2002).  Next, the court considers a number of factors established

by the Third Circuit to determine whether it is  appropriate to request counsel for an indigent party.  These factors include: (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.  *Tabron*, 6 F.3d at 155-57.

Having screened the Complaint and finding it without any legal merit, there is no evidence, at this point, that any prejudice will result in the absence of counsel. Mr. Rankin, although indigent, has exhibited his ability to communicate and correspond in English. Consequently, at this time, Mr. Rankin's request for counsel will be denied without prejudice.

V.     *Conclusion*

Although Mr. Rankin's Complaint fails to state a cause of action against any of the defendants, it is possible that the deficiencies may be remedied by amendment.  Thus, Mr. Rankin will be granted twenty-one days to file an amended complaint.  If Plaintiff opts to amend, his amended complaint should be short and plain, see Fed. R. Civ. P. 8(a), and must aver what each individual named defendant did that led to a deprivation of his constitutional or other federal rights.  *Iqbal,* 556 U.S. at 676-77, 129 S.Ct. at 1948-49.  Plaintiff is also advised that the "amended complaint must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed."

-6-

*Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  Mr. Rankin's failure

to file an appropriate amended complaint will result in the dismissal of this action.

                                               __/s/ A. Richard Caputo_____
                                               **A. RICHARD CAPUTO**
                                               **United States District Judge**

**Date: May 31   , 2012**