# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES RANKIN,  :  <br> : <br> Plaintiff  : <br> : <br> v.  : <br> : <br> WARDEN B. A. BLEDSOE, *et al.*,  : <br> : <br> Defendants  : | **CIVIL NO. 3:CV-11-2352** <br><br> **(Judge Caputo)** |

# O R D E R

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

Plaintiff, James Rankin, filed this action pursuant to the Federal Tort Claim Act (FTCA), 28 U.S.C. § 2671, *et seq.*, seeking damages after he was assaulted on May 17, 2010, by fellow inmates in the recreation yard with him at USP-Lewisburg, in Lewisburg, Pennsylvania.[1] (Doc. 14, Am. Compl.) Presently before the Court is Mr. Rankin's Second Motion for Appointment of Counsel based on his indigent status and limited access to legal research materials due to his placement in a Special Housing Unit. (Doc. 29, Mot. for Counsel.)

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to representation by counsel. *Montgomery v. Pinchak*, 294 F.3d 492, 498 (3d Cir. 2002). Congress has granted district courts the discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). A district court as "broad discretion" to determine whether counsel

---

[1] Mr. Rankin is currently housed at USP-Victorville, in Adelanto, California.

should be appointed. *Montgomery,* 294 F. 3d at 498. The appointment of counsel is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting ... from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984). The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." *Montgomery*, 294 F.3d at 499. Next, if plaintiff's claims meet this threshold review, other non-exclusive factors to be examined are:

> 1. the plaintiff's ability to present his or her own case;
> 2. the difficulty of the particular legal issues;
> 3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation;
> 4. the extent to which a case is likely to turn on credibility determinations;
> 5. whether the case will require testimony from expert witnesses;
> 6. the plaintiff's capacity to retain counsel on his or her own behalf;

*Parham v. Johnson*, 126 F.3d 454, 457 (3d Cir. 1997)(citing *Tabron v. Grace*, 6 F.3d 147, 155-57 (3d Cir. 1993)). After examining the above factors, the Court will deny Mr. Rankin's present motion for counsel without prejudice.

First, and "[p]erhaps the most significant," factor influencing our decision whether counsel should be appointed is Plaintiff's ability to present his case to the court. *Montgomery*, 294. F.3d at 501. In this case, it appears that Mr. Rankin possesses an adequate level of education and literacy to present his case. While

Mr. Rankin notes his access to legal materials is restricted due to his placement in a secure housing unit, the Court notes that he does not suggest he is being denied any access to legal research materials.

Next, with respect to the complexity of the legal issues involved, the Court does not find this case complex. Mr. Rankin presents a single FTCA claim based on the decision to place him in the exercise unit with the other inmates. Additionally, Mr. Rankin possesses the same ability as other incarcerated *pro se* litigants to conduct the requisite detailed factual investigation required in this case from the confines of his cell. Mr. Rankin does not raise any additional impediments to his ability to represent himself other than his indigent status and incarceration. Accordingly, there is no reason to suggest he cannot formulate, and properly serve, the Defendant with discovery requests even though incarcerated.

The Court also considers that credibility determinations may play a role in this litigation, this finding alone, however, is not sufficient to warrant the appointment of counsel at this juncture. Likewise, there is insufficient information before the Court to make assessment as for the need of expert witnesses in this case.

Based on the above, it cannot be said, at least at this point, that Mr. Rankin will suffer substantial prejudice if he is required to proceed with the prosecution of his case on his own. To the extent Plaintiff is concerned as to his lack of training in the law, he stands in the same shoes as the majority of other *pro se* inmate litigants. This Court's liberal construction of *pro se* pleadings, *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), coupled with Mr. Rankin's apparent ability to litigate this action, weigh against the appointment of counsel.

Consequently, Mr. Rankin's present request for counsel will be denied without prejudice. In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered, either *sua sponte* or upon another motion filed by Mr. Rankin

**AND NOW**, this  4th   day of **FEBRUARY, 2013**, it is ordered that Mr. Rankin's Second Motion for Appointment of Counsel (Doc. 19) is denied without prejudice.

 /s/ A. Richard Caputo
**A. RICHARD CAPUTO**
**United States District Judge**