**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **JAMES RANKIN,** : | |
| : | |
| **Plaintiff** : | |
| : | **CIVIL NO. 3:11-CV-2352** |
| **v.** : | |
| : | **(Judge Caputo)** |
| **UNITED STATES OF AMERICA,** : | |
| : | |
| **Defendant** : | |

**M E M O R A N D U M**

**I.   Introduction**

On October 15, 2015, the Court granted the Defendant's summary judgment motion as to Mr. Rankin's Federal Tort Claim Act (FTCA), 28 U.S.C. §§ 1346, 2671 *et seq.*, claim that Bureau of Prison (BOP) officials were negligent when placing him in a recreation unit, against his will, with two inmates who assaulted him. (ECF No. 59 and 60.) In Mr. Rankin's summary judgment opposition brief he claimed to have also asserted a FTCA claim concerning prison officials' failure to properly search his assailants prior to placing them in the recreation unit. (ECF No. 52, pp. 5 – 8.) Due to the possibility of a remaining FTCA claim, the Court requested the parties to file supplemental briefs addressing Mr. Rankin's assertion. (ECF No. 60.)

For the reasons set forth below, the Court will dismiss Mr. Rankin's claim that BOP officials failed to properly search his assailants prior to placing him in the recreation unit due his failure to assert the claim in his Amended Complaint.

## II.     Summary Judgment Standard of Review

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The court must determine "whether the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact and whether the moving party is therefore entitled to judgment as a matter of law." *MacFarlan v. Ivy Hill SNF, LLC*, 675 F.3d 266, 271 (3d Cir. 2012)(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)).  "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 - 48, 106 S.Ct. 2505, 2509 - 10, 91 L.Ed.2d 202 (1986).  In reviewing a motion for summary judgment, the court must view all facts and draw all reasonable inferences "in the light most favorable to the party opposing the motion." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014)(internal quotation marks omitted).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. *Santini v. Fuentes*, 795 F.3d 410 (3d Cir. 2015) (citing *Celotex,* 477 U.S. at 323, 106 S.Ct. 2553).  "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the

record ... or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) - (B).  To withstand summary judgment, the non-moving party must "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553 (citation omitted).  The non-moving party "may not rest on speculation and conjecture in opposing a motion for summary judgment." *Ramara, Inc. V. Westfield Ins. Co.*, 814 F.3d 660, 666 (3d Cir. 2016).  Where contradictory facts exist, the court may not make credibility determinations or weigh the evidence.  *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 - 51, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000) (internal quotation marks and citations omitted); *Paradisis v. Englewood Hosp. Med. Ctr.*, 680 F. App'x 131, 135 (3d Cir. 2017).

### III. Statement of Relevant Material Facts

From the pleadings, declarations and exhibits submitted therewith, the following facts are ascertained as undisputed or, where disputed, reflect Mr. Rankin's version of the facts, pursuant to this Court's duty to view all facts and reasonable inferences in the light most favorable to the nonmoving party.[1] *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2510.

---

[1] In support of the Government's supplemental motion for summary judgment motion, Defendant submitted a statement of material facts. (ECF No. 65.)  Although Mr.

On May 17, 2010, Mr. Rankin was housed at the United States Penitentiary in Lewisburg, Pennsylvania. On that day Mr. Rankin was placed in a recreation unit with inmates David Reid and Jason Glass. Shortly after being placed in the recreation unit Mr. Rankin was stabbed multiple times by Reid and Glass. (ECF No. 14, Am. Compl.)

On April 12, 2011, Mr. Rankin submitted an administrative tort claim regarding the incident. (ECF No. 65, Def.'s Statement of Material Facts (DSMF), ¶ 1; *see also* ECF No. 65-1, p. 3, Claim for Damage, Injury, or Death.) Mr. Rankin's Tort Claim Remedy reads:

> On May 17, 2010 in Z-Block, USP Lewisburg PA --- I James Rankin was stabbed by two inmate "Reed" and "Glass" 32 times in the face and chest (appx. 45 times) causing my right lung to collapse. Spent 4 days in the hospital. Inmates both had 6 inch knifes, Lewisburg is a secure max unit and both were pat searched and metal detectors were used.

ECF No. 65-1, p. 3.

## IV.    Discussion

Defendant argues that Mr. Rankin's negligent search claim of his assailants or the recreation unit should be dismissed because: (1) he did not raise the claim in his administrative tort remedy; (2) he failed to raise the claim in his Amended Complaint; and (3) his claim fails per the discretionary function exception. *See* ECF

---

Rankin filed a brief in opposition to Defendant's motion (ECF No. 70), he did not address Defendant's statement of facts as required by M.D. Local Rule 56.1.

No. 64, Def.'s Suppl. Mr. Rankin does not address any of Defendant's arguments in his opposition brief. See ECF No. 70. Rather, he asserts that because he was assaulted in a Special Management Unit, where "the most violent and disruptive inmates" were housed, prison officials had "even a greater burden to execute and perform thorough and proper searches of inmates". (*Id.*, ¶ 3.) Mr. Rankin agrees that "both [inmates] were pat searched and metal detectors were used" prior to their placement in the recreation unit but points out he was stabbed with weapons. (*Id.*, ¶ 1.) He claims an improper search of inmates Glass and Reid resulted in his assault. (*Id.*, ¶ 5.)

### A.     Notice Provided in the Administrative Tort Remedy

The FTCA provides that a suit against the United States is the exclusive remedy for persons seeking recovery for common law torts committed by federal employees within the scope of their employment. See 28 U.S.C. § 1346(b) (governing jurisdiction). Prior to filing a FTCA claim in federal court, a plaintiff must present the claim to the federal agency and be denied by the agency, or be deemed denied. See 28 U.S.C. 2675(a). Section 2675(a) provides in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a

> claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section ….

*See* 28 U.S.C. 2675(a). The exhaustion requirement is jurisdictional and cannot be waived. *Priovolos v. Federal Bureau of Investigation*, 686 F. App'x 150, 152 (3d Cir. 2017) (citing *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003)).

"[A]n administrative claim need not propound every possible theory of liability in order to satisfy" the requirement that the claim be presented to the agency. *Roma*, 344 F.3d at 362. However, "'a plaintiff cannot present one claim to the agency and then maintain suit on the basis of a different set of facts.'" *Id*. (quoting *Deloria v. Veterans Admin,* 927 F.2d 1009, 1012 (7th Cir. 1991)). "In other words, notice in the form of an administrative claim 'satisfies section 2675's requirement … if the claimant (1) gives that agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim.'" *Id*. at 362 – 63 (quoting *Tucker v. United States Postal Serv.*, 676 F.2d 954, 959 (3d Cir. 1982)).

Defendant argues that Mr. Rankin's search claim "is completely different from, and indeed contrary to, what he argued in his administrative tort remedy" and thus subject to dismissal for lack of jurisdiction. (ECF No. 64, p. 6.) The Court disagrees.

The Court has examined Mr. Rankin's administrative tort claim remedy. *See* ECF No. 65-1, p. 3. A fair reading of Plaintiff's wording of the tort remedy does not narrowly define his claims strictly to relief for injuries incurred due to his placement in a recreation unit with inmates from whom he was to be separated. A reasonable

and prudent examiner of this form would have also understood that Plaintiff was complaining that his assailants, who were "pat searched" and screened with a metal detector, still managed to secrete weapons in the "secure max unit". (*Id.*) It is reasonable for the BOP to be on notice that Mr. Rankin also asserted a claim that staff failure to properly search the inmates (or the recreation unit) contributed to his injuries that day. In the prison environment, the investigation of what led to the attack, and how two weapons bypassed the pat and metal detector search of inmates accessing the secure recreation area, would have been similar to, and part of, the original investigation prompted by the administrative tort claim.

Here, the notice of the administrative remedy served its statutory purpose. Accordingly, the Court will not grant Defendant's supplemental summary judgment motion based on Plaintiff's failure to exhaust his administrative remedies pursuant the Federal Tort Claim Act.

### B. Claims Raised in the Amended Complaint

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint is required to "contain 'a short and plain statement of claim showing that the pleader is entitled to relief'" in order "to put the defendant on notice as to the nature of the claim against him and the relief sought." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 573 – 74, 127 S.Ct. 1955, 1975 – 76, 167 L.Ed.2d 929 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). While detailed allegations are not required, Plaintiff must provide the grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do." *Id*. at 555, 127 S.Ct. at 1965. "[A]ll civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 679, 129 S.Ct. 1949; *see also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016).

A complaint filed by a *pro se* plaintiff must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184 (3d Cir. 2015)(citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). Yet, even a *pro se* plaintiff "must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

Here, the Government alleges that Mr. Rankin failed to plead a FTCA claim based on prison officials' improper search of his assailants or the recreation unit in his Complaint (ECF No. 1) or Amended Complaint (ECF No. 14) and cannot do so by asserting such allegations in his opposition brief.[1]  (ECF No. 64, pp. 3 – 4.)

---

[1] *See Frederico v. Home Depot*, 507 F.3d 188, 201 - 02 (3d Cir. 2007) (citing *Commw. of Pa. ex. rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988)* ("It is

Although given the opportunity, Mr. Rankin does not address Defendant's argument in his opposition brief. (ECF No. 70.)

The Court agrees that Mr. Rankin did not properly plead a FTCA claim concerning the improper search of his assailants or the recreation unit in his Amended Complaint. Mr. Rankin's Amended Complaint details facts allegedly known to prison officials as to why he should not have been forced to enter the recreation unit with "known enemies." (ECF No. 14, p. 9.) "As a result of the direct and intentional placement of my life in serious and grave danger" he suffered physical injury. (*Id.*) While he speaks of "act(s) and omission(s)" by various prison officials, he does not plead sufficient facts to place the Defendant on notice of his improper search claim. Likewise, Mr. Rankin's supplement to his Amended Complaint does not include additional facts that would place the Government on notice of an improper search claim. *See* ECF No. 14-1. A reasonable reading of the "facts" alleged in that document suggests that USP Lewisburg, a lockdown facility, houses difficult, or problematic, inmates. Inmate assaults, including stabbings, were "pervasive" in USP Lewisburg's recreation units "[p]rior to the time period encompassed by this Amended Complaint." (*Id.*, p. 5.) Mr. Rankin's statement that inmates are prohibited from having weapons and that inmates do not have a choice as to whom they are housed with, taken as true, do not assert sufficient facts to place Defendant on notice of his negligent search claim. Moreover, although Mr.

---

axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (internal quotation and citations omitted).

Rankin notes in his administrative tort claim that his assailants were pat searched and subjected to a metal detector prior to being placed in the recreation unit, he does not make any reference to their search, or lack thereof, in his Amended Complaint. Consequently, the Court lacks jurisdiction to consider Mr. Rankin's negligent search claim presented, for the first time, in his opposition brief.

## V. Conclusion

The Court is mindful that Mr. Rankin proceeds *pro se* in this action, and has afforded every possible consideration to his Amended Complaint and Supplement. Nonetheless, the Court finds that Mr. Rankin failed to plead a FTCA claim concerning the negligent search of his attackers, or the recreation unit, with the requisite specificity required by Fed. R. Civ. P. 8(a)(2). Accordingly, the Defendant's motion will be granted.

An appropriate order follows.

**Date: February 15, 2018**         /s/ A. Richard Caputo
                          **A. RICHARD CAPUTO**
                          **United States District Judge**